UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                            No. 3:16-CR-30011-006

PHILLIP EUGENE GREENHAW                                                                   DEFENDANT

## OPINION AND ORDER

Defendant filed a motion (Doc. 285) to reduce his sentence pursuant to the First Step Act amendments to 18 U.S.C. § 3582(c). The Government filed a response (Doc. 286) in opposition. The motion will be denied.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification. 18 U.S.C. § 3582(c). Though Defendant satisfies the exhaustion requirement and his medical records and the COVID-19 pandemic demonstrate extraordinary and compelling reasons for modification, Defendant has not shown that the § 3553(a) factors support modification.

In 2017, the Court sentenced Defendant to a term of imprisonment of 96 months—a 55-month downward variance from his recommended guidelines range. While aggravating factors, such as the nature and circumstances of the offense and Defendant's history and characteristics, weighed against a downward variance, the Court ultimately varied downward to avoid unwarranted sentencing disparities. Having reviewed the record in this case and reflected on the sentence imposed on Defendant in light of sentences imposed on similarly-situated defendants since that time, it is the Court's view that this § 3553 factor—the need to avoid unwarranted

sentencing disparities—remains adequately accounted for in Defendant's original sentence. Meanwhile, there is no evidence that the aggravating factors that were present at sentencing are less weighty now.

Defendant is a career offender who has a history of participation in criminal drug trafficking, even while on supervision following previous sentences. In this case he participated as a dealer in a multiple-member drug trafficking organization and helped the leader of the organization, Patricia Gayle Lewis-Zubkin, collect debts owed to her by other dealers in the organization. When Lewis-Zubkin believed other members of the conspiracy were cooperating with law enforcement and wanted someone to commit acts of violence against them, she accepted Defendant's offer to enlist one of his associates to assault the suspected cooperators.

While the Court is sympathetic to Defendant's arguments about his vulnerability to COVID-19, and agrees that the purpose of the sentence imposed in this case was not to expose Defendant to a life-threatening illness, Defendant has a history of disobeying the law while on supervised release and he took affirmative steps to facilitate acts of violence during the commission of the offense of conviction. This case is distinguishable from a simple nonviolent drug crime that might justify modification on the basis of the information Defendant has provided. Here, something else is necessary to show that Defendant's specific risk of recidivism and the danger he posed to the public at sentencing are now reduced or absent, and Defendant has not made this showing. The Court cannot find on this motion that converting Defendant's sentence to home detention for the remainder of his original term, let alone a reduction of his sentence to time served, will adequately accomplish the aims of the § 3553(a) sentencing factors.

Though the Court will not grant Defendant the relief he requests, the denial will be without prejudice to the BOP making its own motion under § 3582, so long as any future motion is

premised on a release plan that is supported by evidence (such as records of good behavior during incarceration or participation in programs intended to help him avoid future incidents of violence or substance abuse) showing that risks of recidivism or harm to the public have become less likely than they were at the time of sentencing.

    IT IS THEREFORE ORDERED that Defendant's motion (Doc. 285) is DENIED.

    IT IS SO ORDERED this 21st day of July, 2020.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE